USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 8-5-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL CEARA,

                Plaintiff,

-against-

MARY CLARK-DIRUSSO,

                Defendant.

1:13-CV-3041-LAP

ORDER

LORETTA A. PRESKA, United States District Judge:

    Plaintiff Rafael Ceara, proceeding without counsel, filed this complaint in May 2013, asserting that the defendant, prosecutor Mary Clark-DiRusso, violated his civil rights. At the time, Ceara was incarcerated at Sing Sing Correctional Facility, making him subject to the Prison Litigation Reform Act (PLRA). Just two weeks before Ceara filed this complaint, he had filed a substantially similar complaint against the same defendant. Finding that the two actions were duplicative, by order dated May 16, 2013, the Court dismissed this one. (ECF No. 5.)

    On July 8, 2019, pro bono counsel appeared in this action on Ceara's behalf and moved under Rule 60(a), Fed. R. Civ. P., to have the Court reopen this case, vacate the judgment, and construe the complaint in this action as an amended complaint in Ceara's earlier action, *Ceara v. Clark-DiRusso*, 1:13-CV-2626.

    For the reasons discussed below, the Court corrects the Order of Dismissal and Civil Judgment in this action.

## BACKGROUND

    On April 8, 2013, Ceara submitted a complaint in which he alleged that the defendant, Mary Clark-DiRusso, who prosecuted him in Westchester County Supreme Court, was unconstitutionally denying him visitation with his daughter. His complaint was received by the

Clerk's Office and opened as *Ceara v. Clark-DiRusso*, ECF 1:13-CV-2626, 2 (*Ceara v. Clark-DiRusso I*), on April 19, 2013.

Ceara's complaint and attachments included the following allegations. Ceara was convicted in Westchester County Supreme Court of committing a criminal sexual act and endangering the welfare of a child. The state court, upon sentencing Ceara, issued an order of protection barring Ceara from having any contact with his daughter until 2053. One week later, Ceara petitioned for custody in the Westchester County Family Court. Mary Clark-DiRusso was in attendance. The Family Court dismissed Ceara's petition because the order of protection was "not modifiable" by the Family Court. Ceara alleged that Clark-DiRusso went "out of her jurisdiction" and used "her position to influence a tribunal to deprive him of visitation" with his daughter. He also alleged that Clark-DiRusso lied to the Family Court and subjected him to double jeopardy.

Approximately two weeks after Ceara filed *Ceara v. Clark-DiRusso I*, on May 1, 2013, the Clerk's Office received a second complaint from Ceara. The complaint, dated April 22, 2013, included almost identical allegations against the same defendant, Mary Clark-DiRusso.

The Court concluded that the second complaint was duplicative of the complaint in *Ceara v. Clark-DiRusso I*, which was still pending at the time, and that no useful purpose would be served by the litigation of the duplicate case. The Court therefore dismissed the action without prejudice. (Order dated May 16, 2013, ECF No. 5.) In doing so, the Court made no finding that Ceara's filing of the second complaint was frivolous or malicious. It did, however, cite to 28 U.S.C. § 1915(e)(2)(B), a provision of the *in forma pauperis* (IFP) statute that requires a court to dismiss a case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." (*Id.*)

By order dated May 20, 2013, the Court dismissed *Ceara v. Clark-DiRusso I*. The court found that Ceara's request for injunctive relief was barred under the *Rooker-Feldman* doctrine. As for the damages claims against Clark-DiRusso, the Court found that as a witness in the Family Court proceeding, Clark-DiRusso was entitled to absolute immunity. Moreover, Ceara's allegations did not suggest that he stated any constitutional claim against Clark-DiRusso. (ECF 1:13-CV-2626, 5.) Ceara appealed the order of dismissal, but the Court of Appeals dismissed the appeal as frivolous. (Mandate issued Sept. 18, 2013, ECF 1:13-CV-2626, 8.)

In 2015, Ceara filed a case in the United States District Court for the Western District of New York, alleging that the defendant correctional officials violated his constitutional rights. (*Ceara v. Dowley*, 6:15-CV-6266.) The court initially granted Ceara IFP status, but the defendants moved to revoke his IFP status under the "three-strikes" provision of the PLRA. Under that provision:

> In no event shall a prisoner bring a civil action . . . [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The court granted the defendants' motion and dismissed the complaint without prejudice to Ceara's paying the $400 filing and administrative fees within 30 days. It noted that the purpose of the three-strikes provision was to deter prisoners from filing multiple frivolous civil rights actions. (Order dated Aug. 1, 2018, 6:15-CV-6266, ECF No. 30, at 3.) The court counted the following as strikes: (1) this Court's dismissal of Ceara's complaint in *Ceara v. Clark-DiRusso I* on immunity grounds; (2) the Second Circuit's dismissal of Ceara's appeal of

3

*Ceara v. Clark-DiRusso I* as frivolous; and (3) this Court's dismissal of Ceara's complaint in this action as duplicative of *Ceara v. Clark-DiRusso I*.

Ceara appealed the dismissal, and the Second Circuit appointed pro bono counsel to brief, among other issues, whether a dismissal as duplicative constitutes a strike under 28 U.S.C. § 1915(g).

Ceara, through pro bono counsel, now moves to vacate the judgment under Rule 60(a), Fed. R. Civ. P. (*See* letter-motion dated July 8, 2019, ECF No. 11.) Ceara notes that in the hard-copy court file, counsel discovered a letter from Ceara dated April 22, 2013, which was stamped as received by the Court's Pro Se Office on May 1, 2013, but was never docketed on the court's electronic filing system. In that letter, Ceara explained to the Clerk of Court that he was sending in a second complaint to replace the one he had sent two weeks earlier. He requested that the Clerk return the first complaint because it included the original order of protection, which he needed for other purposes and did not intend to send. He explained, "this is just an amendment to the first complaint and done more correctly." (ECF No. 8, p. 2.) It is unclear whether the letter accompanied Ceara's complaint in this action, which was also dated April 22 and received by the Pro Se Office on May 1, or whether it was sent in a separate envelope.

## DISCUSSION

Ceara argues that the failure to docket the letter allows the Court, under Rule 60(a), Fed. R. Civ. P., to correct the mistake by vacating the judgment and treating the complaint as an amendment to the complaint in *Ceara v. Clark-DiRusso I*, ECF 1:13-CV-2626. Had this letter been docketed for the Court's consideration, Ceara argues, the Court would have understood that Ceara did not intend to file a new action and would not have dismissed this case as "duplicative."

Under Rule 60(a), a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

4

The rule permits a court "to conform [an] order to 'the contemporaneous intent of the court.'" *In re Marc Rich & Co. A.G.*, 739 F.2d 834, 837 (2d Cir. 1984) (quoting *Jackson v. Jackson*, 276 F.2d 501, 503 (D.C. Cir. 1960)). A court may, for example, invoke Rule 60(a) "to resolve an ambiguity in its original order to reflect contemporaneous intent and ensure that the court's purpose is fully implemented." 12 Moore's Fed. Prac. – Civil § 60.11[1][c] (quoting *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1994)). The grant of a motion under Rule 60(a) does not result in relief from the underlying judgment. *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977). But a court may not correct a judgment "to reflect a new and subsequent intent because it perceives the original judgment to be incorrect." 12 Moore's § 60.11[2] n.16 (quoting *Burton*, 275 F.2d at 694).

Ceara's argument seems to be that the Court did not consider Ceara's letter of April 22, 2013, and had it done so, it would not have made the error of dismissing the case as "duplicative," or perhaps, the Clerk would never have opened this action. In seeking vacatur, Ceara seeks relief from the underlying judgment that resulted from this error. But this is the type of substantive correction that is *not* permitted under Rule 60(a). *See* 12 Moore's § 60.11 [1][c] ("Of course, a court may never use Rule 60(a) to correct ambiguities in a judgment or order to reflect anything other than the court's intent, as reflected by the record, at the time the original judgment or order was entered. A substantive change may not be disguised as a 'clarification.'"). The Second Circuit has explained that "[t]he relevant distinction is 'between what is erroneous because the thing spoken, written or recorded is not what the person intended to speak, write or record, and what is erroneous because the person later discovers that the thing said, written or recorded was wrong. The former comes within Rule 60(a); the latter does not.'" *Panama Processes, SA v. Cities Service Co.*, 789 F. 2d 991, 995 (2d Cir. 1986) (quoting *Marc Rich*, 739

5

F.3d at 837). Even if Rule 60(a) permitted the Court to vacate the judgment, the Court cannot use the Rule to do so based on new information or arguments that may cause it to rethink the grounds for the dismissal. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1144 (2d Cir. 1994) (permitting courts to correct errors that were intended at time of order or judgment would destroy "the balance between justice and finality that the drafters of Rule 60 carefully forged").

The Court finds that it is appropriate nonetheless to correct the May 16 Order of Dismissal and Civil Judgment, but for reasons other than those that Ceara asserts.

While a dismissal of a case as duplicative "*may* ... arise within the ambit of the court's power to dismiss a complaint as frivolous or malicious pursuant to 1915(e)," *Abreu v. Travers*, N. 15-CV-540, 2015 WL 10741194, at *4 (N.D.N.Y. Sept. 14, 2015) (emphasis added) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)), this Court frequently dismisses actions as "duplicative" without finding that the case was frivolous or malicious where it appears that the plaintiff may not have intended to file the new case. Litigants may send multiple copies of a complaint for various nonmalicious reasons: for example, they may not know whether prison officials mailed their first copy, or whether the Clerk received it; or they may intend subsequent copies as courtesy copies (this Court has in the past required litigants to provide multiple copies of the complaint). The Court does not automatically assume that a duplicative filing is frivolous or malicious.

In dismissing this action without prejudice as "duplicative," the Court made no finding that the case was frivolous or malicious, nor did it intend to imply that the case was dismissed on that basis. While it did cite to 28 U.S.C. § 1915(e)(2)(B) (*see* ECF No. 6), the statutory provision that includes the requirement that a court dismiss an action that is frivolous or malicious, this was inadvertent. Had the Court intended to dismiss the case as frivolous or malicious, it would

6

have clearly so stated. Citation to this provision was a mistake that the Court may correct under Rule 60(a). And there is good reason to do so.

The Second Circuit has held that a district court should not state at the time of dismissal whether the dismissal qualifies as a strike under § 1915(g). Instead, the district court should "clearly set forth the reasons for dismissal, 'including whether the dismissal is because the claim is 'frivolous,' 'malicious,' or 'fails to state a claim,' whether it is because the prisoner has failed to exhaust an available administrative remedy, or for other reasons. The[se] judgment[s] should also state whether the dismissal is with prejudice or without.'... Clarifications of this sort 'will undoubtedly assist subsequent courts that must determine whether a plaintiff is barred from maintaining an action *in forma pauperis* by the three strikes rule of Section 1915(g).'" *Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004) (quoting *Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999)); *see also See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[T]he district courts, who are 'all too familiar' with factually frivolous claims ... are in the best position to determine which cases fall into that category" (quoting *Neitzke v. Williams*, 490 U. S. 319, 328 (1989)).

The Court concludes that the Order of Dismissal and Civil Judgment mistakenly cited to 28 U.S.C. § 1915(e)(2)(B), which was contrary to the Court's intent at the time and created ambiguity as to whether the action was dismissed because the complaint was frivolous, malicious, or failed to state a claim. Accordingly, the dismissal and judgment should be corrected to omit the reference to 28 U.S.C. § 1915(e)(2)(B).

Ceara also requests that the complaint in this action be docketed as an amended complaint in *Ceara v. Clark-DiRusso I*, 1:13-CV-2626. Ceara notes that he does not seek any modification of the judgment dismissing that case. Because the complaint in this action is not substantively different from the complaint in *Ceara v. Clark-DiRusso I*, and it is not clear that

7

Rule 60(a) authorizes this relief, the Court declines to direct the Clerk to docket the complaint in that closed action.

The Dismissal Order and Civil Judgment are hereby modified to remove reference to 28 U.S.C. § 1915(e)(2)(B). This correction is consistent with the Court's intent at the time that the Dismissal Order and Judgment were entered.

## CONCLUSION

The Dismissal Order and Civil Judgment are hereby modified to remove reference to 28 U.S.C. § 1915(e)(2)(B). This correction is consistent with the Court's intent at the time that the Dismissal Order and Judgment were entered. The Clerk of Court is directed to terminate the letter-motion at ECF No. 11 and to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 5, 2019
New York, New York

_____
LORETTA A. PRESKA
United States District Judge